IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| PUMA ENERGY CARIBE, LLC<br><br>   Plaintiff,<br> v.<br><br>COMMONWEALTH OF PUERTO RICO, *et al.*,<br><br>   Defendants. | **CIVIL NO. 20-1591 (DRD)** |
| TOTALENERGIES MARKETING PUERTO RICO CORP.,<br><br>   Plaintiff,<br> v.<br><br>COMMONWEALTH OF PUERTO RICO, *et al.*,<br><br>   Defendants. | **CIVIL NO. 20-1725 (DRD)** |

### MOTION TO COMPEL AGAINST THIRD PARTY SENATOR CORREA

  Plaintiff Puma Energy Caribe ("Puma") brings this motion to compel against third party former state Senator Eric Correa Rivera ("Senator Correa"), in order to obtain documents necessary for the prosecution of the case. Senator Correa was a member of the Puerto Rico Senate representing District 8 at the time of the passage of Law 60. Puma alleges that the Puerto Rican Legislature passed Law 60 with the intent to discriminate against off-island wholesalers, like Puma, in contravention of the Commerce Clause. Senator Correa supported the Puerto Rico Gasoline Retailers Association, Inc.'s ("ADG", for its acronym in Spanish, "Asociación de

Detallistas de Gasolina de Puerto Rico") push to pass Law 60, including by being actively lobbied by the group to support the legislation.

On April 5, 2022, Puma issued a subpoena for documents in this matter to Senator Correa. On that same day, Senator Correa was served in person at Dos Bocas Bakers in Trujillo Alto, Puerto Rico. Ex. A. Puma's subpoena was limited in scope. It asked for two categories of documents that are relevant to the allegations in this matter. First, the subpoena requested documents and communications that Senator Correa may have had with non-governmental persons regarding Law 60. Second, the subpoena requested Senator Correa produce documents and communications that concerned Law 60, including non-public communications regarding Law 60 with the executive branch, other legislators, or staff members of the legislature. Over the course of the last three months, Senator Correa has not responded to Puma's subpoena despite two letters delivered to the senator, exhs. B, D, and multiple attempts to contact him via email, exh. C, to meet and confer about the requests for documents.

Puma now seeks an order from this Court compelling Senator Correa to produce the documents that Puma requested in its subpoena.

I.  **Introduction**

Third party Senator Correa wholly failed to respond to a valid, narrowly tailored subpoena for documents. "To compel non-parties to produce documents, a movant must serve the non-party a subpoena pursuant to Fed. R. Civ. P. 45." *Dumanian v. First Bank Puerto Rico*, No. 21-MC-0473 (RAM), 2021 WL 5982638, at *2 (D.P.R. Dec. 17, 2021). Here, Puma has issued a valid, narrowly tailored subpoena to Senator Correa, seeking documents that are relevant to its claims in this action. Senator Correa has failed to respond, despite multiple efforts to contact him to discuss

Puma's requests. The Court should compel him to produce documents responsive to Puma's subpoena.

## II.     Background and Procedural History

Puma filed its complaint in this action on October 28, 2020. Dkt. 1. The complaint alleges, among other things, that that Law 60 is unconstitutional because it violates the Commerce Clause by unlawfully discriminating against off-island wholesalers like Puma both in purpose and effect. As part of its complaint, Puma alleged that the ADG – a group founded with the express purpose of furthering the interests of Puerto Rican gasoline dealers at the expense of off-island wholesalers – was the "driving force" and "principal lobbying force" behind the enactment of Law 60. Compl. ¶¶ 42-43. The Complaint further alleges that the ADG procured the support of Senator Eric Correa, who ultimately assisted in the passage of Law 60. Compl. ¶¶ 42-44. During its passage, legislators referring to Puma as "displacing the locals" and "kicking out the Puerto Ricans and the people who have 50 years in the world of gasoline." Compl. ¶ 46. After Law 60 passed, the ADG celebrated the legislation, including by describing it as preventing "attempts by certain wholesalers to take the operation of the retailers' business." Compl. ¶ 52.

The Defendants in this action moved to dismiss Puma's complaint, but the Court substantially denied those motions.[1] The Court held that Puma plausibly alleged that Law 60 was enacted with a discriminatory purpose. Opinion and Order, Dkt. 71 at 27. Plaintiffs require the cooperation of Senator Correa to gather relevant evidence to further support its allegations of discriminatory purpose that this Court has already deemed "plausible" under Rule 12(b)(6).

---

[1] The Court granted Defendants' motion to dismiss Puma's count seeking "monetary relief pursuant to the Takings Clause of the Fifth Amendment." Opinion and Order, Dkt. 71 at 2 n.3.

### III. Legal Standard

"To compel non-parties to produce documents, a movant must serve the non-party a subpoena pursuant to Fed. R. Civ. P. 45." Rule 45 allows an attorney to issue a third-party subpoena after taking "reasonable steps to avoid imposing undue burden or expense on" the party and "subject to the scope of discoverable information set forth in Fed. R. Civ. P. 26 (b)(1)." *Dumanian*, 2021 WL 5982638 at *2-3 (internal citations and quotation marks omitted). Rule 26 allows parties to "obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case[.]" Fed. R. Civ. P. 26(b)(1).

To quash a subpoena issued under Rule 45, the moving party must demonstrate that the subpoena does not allow a reasonable time for compliance, requires a person who is not a party to travel more than 100 miles, requires disclosure of privileged or protected information, or the subpoena "subjects a person to undue burden." Fed. R. Civ. P. 45(c)(3)(A)(i)-(iv). "[T]he party seeking to quash a subpoena bears the burden to persuade the Court that the subpoena imposes an undue burden upon it[,] and it cannot rely on a mere assertion that compliance would be burdensome and onerous without showing the manner and extent of the burden and the injurious consequences of insisting upon compliance." *Dumanian*, 2021 WL 5982638, at *3 (internal quotation marks omitted).

### IV. Argument

1. <u>Puma has taken "reasonable steps" to avoid undue burden on Senator Correa by issuing him a targeted subpoena which seeks only evidence in his possession relevant to the claims in this Action.</u>

Puma has taken reasonable steps to avoid undue burden on Senator Correa. It seeks only documents that are within the possession and control of Senator Correa, and it has limited its

4

subpoena to two categories of documents. First, Puma seeks communications that Senator Correa had with individuals outside of the government and other public documents concerning Law 60. Such communications and documents are relevant to Puma's claim that the purpose of Law 60 was to intentionally discriminate against Puma and other off-island wholesalers. Senator Correa's communications with non-governmental entities may support Puma's allegations that he was lobbied by the ADG and that the Puerto Rican legislature was motivated by a desire to protect on-island interests at the expense of off-island wholesalers, in violation of the Dormant Commerce Clause.

Second, Puma seeks communications that Senator Correa had with individuals within the Government and other non-public documents. Such communications and documents are also relevant to Puma's claim that the purpose of Law 60 was to intentionally discriminate against Puma and other off-island wholesalers. Indeed, the documents and communications shared with other branches of government, or with other legislators, will shed light on the purpose of the law. The Court has already held that the statements of certain individual legislators "support Plaintiff's theory." Opinion and Order, Dkt. 71 at 27. The communications and documents that Senator Correa had with others in the government are responsive to Puma's Dormant Commerce Clause claim.

In sum, Puma issued a valid subpoena to Senator Correa seeking only two discrete categories of documents that are both relevant to the subject matter and proportional to the needs of the case. This Court should compel Senator Correa to respond to the subpoena.

2. <u>Mr. Correa has not replied to Puma's valid subpoena and therefore has not demonstrated an undue burden, or any other standard to quash a valid subpoena, as required by Rule 45.</u>

Puma served a valid subpoena on Senator Correa on April 5, 2022, by personally delivering to him a copy of the subpoena at Dos Bocas Bakery in Trujillo Alto, Puerto Rico. See Ex. A at 2. The subpoena listed the court from which it issued, the title of the action and its action number, and set out of the text of Rule 45(d) and (e), as required by Rule 45. *Id*. at 1-3. Senator Correa has not articulated any argument that the subpoena is unduly burdensome or otherwise should be quashed under Rule 45.

Furthermore, Puma has made a substantial effort to meet and confer with Senator Correa over the course of three months. On May 24, 2022, more than a month after serving its subpoena on Senator Correa, Puma, through its counsel, delivered a letter to Senator Correa explaining his obligations to timely respond to the subpoena. Declaration of Stephanie Vilella, ¶ 5; Ex. B. Through its counsel, Puma then emailed Senator Correa on June 7, June 21, and June 29. *Id*. at ¶ 6; Ex. C. Senator Correa did not respond to the May 24 letter or any of the three subsequent emails. *Id*. at ¶¶ 5-6. Puma made one final attempt to reach Senator Correa through a second letter, send on June 29, 2022. *Id*. ¶ 7; Ex. D. Senator Correa has not responded to that letter.

Senator Correa cannot meet his burden to show that Puma's subpoena should be quashed for presenting an "undue burden"—or for any other reason allowed by Rule 45—because he has wholly failed to respond Puma's subpoena or any of its meet and confer efforts. This Court should therefore compel his response to Puma's validly issued, narrowly tailored subpoena.

## V.   Conclusion

Plaintiff Puma brings this motion to compel against third party Senator Correa because he is likely in possession of documents that are relevant to Puma's claims in this action, including that Law 60 is discriminatory in purpose and effect in violation of the Dormant Commerce Clause.

Puma served Senator Correa with a valid subpoena, but he has wholly failed to respond to Puma's subpoena or its substantial efforts to meet and confer regarding that subpoena. This Court should compel Senator Correa's compliance with Puma's subpoena for documents.

Dated: August 1, 2022                              Respectfully submitted,

                                              /s/ Alberto Estrella
Alberto G. Estrella, Esq.
Bar No. 209403
ESTRELLA LLC
PO Box 9023596
San Juan, PR 00902-3596
Phone: (787) 977-5050
agestrella@estrellallc.com

/s/ Neal Manne
Neal Manne (*pro hac vice*)
Joseph Grinstein (*pro hac vice*)
Armando Lozano (*pro hac vice*)
SUSMAN GODFREY L.L.P.
1000 Louisiana Street, Suite 5100
Houston, Texas 77002
Phone: (713) 651-9366
nmanne@susmangodfrey.com
jgrinstein@susmangodfrey.com

/s/ Steven M. Shepard
Steven M. Shepard (*pro hac vice*)
SUSMAN GODFREY L.L.P.
1301 Avenue of the Americas, 32nd Floor
New York, NY 10019-6023
Phone: (212) 336-8330
sshepard@susmangodfrey.com

*Counsel for Plaintiff Puma Energy Caribe, LLC*

**CERTIFICATE OF CONFERENCE**

I CERTIFY that counsel for Puma attempted to meet and confer with Senator Eric Correa Rivera via email, phone, and letter correspondence over the course of three months regarding the contents of this motion before it was filed.

/s/ Armando Lozano  
Armando Lozano

## CERTIFICATE OF SERVICE

    I certify that on August 1, 2022, I caused the foregoing document to be filed on the CM/ECF system, which will affect service on all counsel of record.

                                                                                                            */s/ Armando Lozano*  
                                                                                                            Armando Lozano