IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| PUMA ENERGY CARIBE, LLC, | Case No. 3:20-cv-01591-DRD |
| Plaintiff, | Re: Civil Action |
| v. | |
| COMMONWEALTH OF PUERTO RICO, *et al.*, | |
| Defendants. | |
| TOTALENERGIES MARKETING PUERTO RICO CORP., | Case No. 20-1725-DRD |
| Plaintiff, | Consolidated with |
| v. | Case No. 3:20-cv-01591-DRD |
| THE COMMONWEALTH OF PUERTO RICO, et al. | |
| Defendants. | |

## MOTION IN COMPLIANCE WITH ORDER AND FOR RECONSIDERATION REGARDING DISCLOSURE OF WITNESSES LIST DURING DISCOVERY

TO THE HONORABLE COURT:

COMES NOW Plaintiff TotalEnergies Marketing Puerto Rico Corp. ("TEMPR"), and through the undersigned attorneys STATES and PRAYS as follows:

### I.    INTRODUCTION:

During the June 8, 2023, status conference the Court ordered the parties to furnish their witnesses list by June 13, 2023. TEMPR hereby requests the Court reconsider its order for the following reasons: (1) TEMPR has complied with its disclosure obligations under Fed. R. Civ. P. 26 by furnishing its Initial Disclosures and Supplemental Initial Disclosures to the Commonwealth

and PRGRA, including a list of individuals with knowledge relevant to the case. Hence, the Commonwealth and the Puerto Rico Gasoline Retailers Association ("PRGRA") are aware of the individuals that may be listed as witness for trial and have been in position to discover additional information and depose those individuals but have made no effort to take such depositions. Fact discovery has not concluded and during the status conference the Court extended the cutoff to August 30, 2023. Listing of *trial* witnesses at this stage is premature and unwarranted.

As further discussed below, premature disclosure of trial witnesses during discovery is disfavored. A narrow stringent exception has been recognized *only* when the moving party shows substantial need, and the Commonwealth and PRGRA did not at any point establish substantial need as required by caselaw. See Perez v. L & J Farm Picking, Inc., 12-24426-CIV, 2013 WL 5446625, at *3 (S.D. Fla. Sept. 30, 2013); Brock v. R.J. Auto Part and Services, Inc., 864 F.2d 677 (10th Cir. 1988). Trial witness lists are disclosed in accordance with Fed. R. Civ. P. 26(3)(b) and Local Rule 16 during pretrial. Moreover, the Court has not set a pretrial conference date for the above-captioned cases. In accordance with the Fed. R. Civ. P. 26(3)(b) and Local Rule 16, TEMPR is not required to disclose its witnesses *for trial* at this time. Therefore, premature disclosure of trail witnesses at this time, when fact discovery has not concluded, risks the disclosure of TEMPR's work product and strategy, hindering its interests and how it conducts itself at trial.

TEMPR requests that the Court reconsiders the order directing disclosure of witnesses and allow the parties to complete fact and expert discovery. Instead, the Court should clarify that the parties have complied by disclosing the persons with relevant knowledge as routinely done under the rules[1] and that the parties will exchange their *trial* witnesses lists as part of their proposed pretrial order pursuant to Fed. R. Civ. P. 26 (3)(b)(6) and Local Rule 16 when the time comes.

---

[1] TEMPR has filed a motion to that effect contemporaneously herewith.

2

Premature disclosure of TEMPR's *trial* witness at this time, when fact discovery has not concluded, will result in the disclosure of TEMPR's work product and strategy that will hinder its interests and how it conducts itself at trial.

## II.    PROCEDURAL BACKGROUND:

On December 16, 2021, TEMPR notified its first Initial Disclosure listing individuals with knowledge of the issues being litigated, in accordance with Fed. R. Civ. P. 26(a)(1). **Ex. 1**. After PRGRA intervened in this case, on February 13, 2023, TEMPR notified its Initial Disclosures on the intervenor. **Ex. 2**. On May 8, 2023, TEMPR served the parties with its Supplemental Initial Disclosures pursuant to Rule 26 (a)(1) of the Rules of Civil Procedure. **Ex. 3**.

At this time, neither the Commonwealth nor PRGRA have deposed any of the individuals disclosed by TEMPR to possess knowledge of the issues in litigation. In fact, neither of those parties have shown any intent to depose fact witnesses. The parties have conducted several meet-and-confer teleconferences and videoconferences and *not once* has either the Commonwealth or PRGRA expressed any interest in deposing any of the individuals listed by TEMPR and Puerto Rico Energy in initial disclosures or discovery responses.

## III.    APPLICABLE LAW

### A. Reconsideration under Fed. R. Civ. P. 54(b):

A motion to reconsider an interlocutory order may be asserted at any time prior to the entry of a final judgment. District courts have inherent power to reconsider and revise interlocutory orders. This power is affirmed in Fed. R. Civ. P. 54(b) ("[A]ny order or other decision, however designated, that adjudicates fewer than all the claims … may be revised at any time before the entry of judgment adjudicating all the claims."). Motions to reconsider are typically granted in four situations: (1) to accommodate an intervening change in controlling law; (2) to account for new

evidence not available at trial; (3) *to correct a clear error of law*; or (4) to prevent a manifest injustice. Importantly, a motion for reconsideration is not an opportunity to relitigate issues already ruled upon simply because a party is dissatisfied with the outcome.

### B. Premature disclosure of Witness during Discovery

The general rule is that the disclosure of trial witness is required at the pretrial conference, not earlier. The narrow exception to this rule requires a showing of substantial need. For instance, in Perez v. L & J Farm Picking, Inc., 12-24426-CIV, 2013 WL 5446625 (S.D. Fla. Sept. 30, 2013), the Court cited the Tenth Circuit indicating that:

> The Tenth Circuit first noted that the local rules and the Federal Rules of Civil Procedure both specified the pretrial conference as the appropriate occasion to identify trial witnesses. After recognizing that a district court is not powerless to compel the production of a trial witness list during discovery, the court held that in the absence of a showing of substantial need in the discovery stage, the trial court erred in requiring "the premature identification of witnesses[.] Other courts have reached a similar conclusion. See Brumfield Const., 2008 WL 1928984 at *2; Engineered Prods., 506 F.2d at 303 n. 2 ("[D]iscovery is not ordinarily the proper stage in litigation to compel from an opponent the names of his prospective witnesses").

Id. at *3 (citing Brock v. R.J. Auto Part and Services, Inc. 864 F.2d 677 (10th Cir. 1988)).

In a detailed analysis of the interpretation the courts have given to issues concerning disclosure of witness during discovery, the American Law Review has summarized the following treatment:

> Discovery of witnesses having knowledge of facts relevant to the lawsuit is apparently available under Federal Rules of Civil Procedure 26(b) and 33, and state counterparts; nevertheless, it is also the view of most of the cases that discovery of witnesses whom the opposing party intends to call at the trial of the cause is not available under the applicable rules, although there is some recognition of the right to discover the identity of prospective witnesses, in some circumstances at least. *The more widely recognized position stated is generally based (where a rationale is given) upon either a feeling that disclosure of such information any great length of time before trial will materially hinder the interrogated party in his conduct of the trial, or that such information is a part of the work product of the lawyer, and therefore entitled to protection. A number of cases have limited the rule denying*

4

*such discovery*, however. In some, the identity of expert witnesses who will be used at trial has been held subject to disclosure, while many cases, in holding the interrogatories propounded in the particular case subject to objection, have stated that such information could be made available at a time when both parties have finalized their trial plans and the danger of surprise will outweigh any annoyance or inconvenience to opposing counsel.

A.S. Klein, Annotation, Identity of witnesses whom adverse party plans to call to testify at civil trial, as subject of pretrial discovery, 19 A.L.R. 3d 1114, § 2[a] Pg. 8, (1968).

Courts do not favor premature disclosure of witness as it materially hinders the disclosing party's conduct at trial or that such information is part of the lawyer's work product during a time when it discloses strategy, as in discovery. Now, disclosure is proper during pretrial, "[d]efendant would not be required to provide the identity and addresses of witnesses it intended to call at trial, or the identity of documents it intended to introduce into evidence, until pretrial order was submitted in accordance with local rule. Fed. Rules Civ. Proc. Rule 26(a)(3), 28 U.S.C.A.; U.S. Dist. Ct. Rules D. Md, Civil Rule 106, subd. 4, par. c. Marens v. Carrabba's Italian Grill, Inc., 196 F.R.D. 35 (D. Md. 2000)." A.S. Klein, Annotation, Identity of witnesses whom adverse party plans to call to testify at civil trial, as subject of pretrial discovery, 19 A.L.R. 3d 1114, Pg. 19, (1968).

Moreover, when a moving party requests disclosure of witnesses during written discovery, courts have held that that an interrogatory seeking the names and addresses of witnesses to be called at trial need not be answered. "In McNamara v Erschen, (1948, DC Del) 8 FRD 427, the reason given for the court's holding that an interrogatory seeking the names and addresses of witnesses to be called at trial need not be answered the reason given for was that the exact witness by whom a relevant fact may be proved at the trial must depend, after consideration of many questions, upon the judgment, discretion, and mental processes of the legal counsel who will actively conduct the litigation, and that, on the authority of Hickman v Taylor (1947) 329 U.S. 495, 91 L. Ed. 451, 67 S Ct 385, the mental impressions of an attorney, and his strategy for the

5

trial, must not be unduly interfered with." A.S. Klein, Annotation, Identity of witnesses whom adverse party plans to call to testify at civil trial, as subject of pretrial discovery, 19 A.L.R. 3d 1114, § 3[a] Pg. 10, (1968).

More importantly, requesting a party to disclose trial witnesses, in a prematurely, even through written discovery, has the effect of compelling the party to formulate their trial plan before pretrial. In Central Hide & Rendering Co. v B-M-K Corp., 19 F.R.D. 294 (D. Del. 1956), the court advised that, answering such interrogatories prior to the trial, or the pretrial conference, *would require the plaintiffs to fully formulate their proposed trial plan and the specific evidence to be used at the trial, and that, liberal though the discovery rules are, a party should not be compelled to state at an early stage the trial witnesses to be later examined*. American Law Review, A.L.R. 3d. 19 A.L.R.3d 1114 (originally published in 1968) (citing Central Hide & Rendering Co. v. B-M-K Corp., 19 F.R.D. 294 (D. Del. 1956)).

Disclosure of witnesses and evidence to be used at trial is regulated by Fed. R. Civ. P. 26 and Local Rules 16(a)(b)(e). Under Local Rule 16 (a)(b)(e), the parties are required to disclose witness and other information related to pretrial after a certificate of readiness for pretrial conference has been filed and a proposed pretrial order has been filed at least seven days prior to the pretrial conference. The proposed pretrial order should contain the following information:

> [...] the names and addresses of all witnesses the party intends to call at trial, other than those to be used for impeachment and rebuttal, including a brief statement of each witnesses' testimony. In the absence of a stipulation, the disclosure of a witness shall not constitute a representation that the witness will be produced or called at trial [...].

Local Rule 16(e).

Fed. R. Civ. P. 26 provides the basic framework for disclosure of witnesses. Rule 26(a)(1)(A)(i) requires the initial disclosure of "individual[s] likely to have discoverable

information." The initial disclosures typically must be made "at or within 14 days after the parties'

Rule 26(f) conference." Fed. R. Civ. P. 26(a)(1)(C). Once made, the disclosures must be kept

current. See Fed. R. Civ. P. 26(e)(1) (explaining the duty to supplement discovery responses).

"Since an important object of these rules is to avoid trial by ambush, the district court typically

sets temporal parameters for the production of such information." Macaulay v. Anas, 321 F.3d 45,

50 (1st Cir. 2003) (citing Fed.R.Civ.P. 16(b)). Such a timetable "promotes fairness both in the

discovery process and at trial." Thibeault v. Square D Co., 960 F.2d 239, 244 (1st Cir. 1992). In

the event that no deadline is set, however, Rule 26(a)(3) imposes a baseline requirement that

pretrial disclosures be made at least 30 days before trial. Fed.R.Civ.P. 26(a)(3)(B).

   In the often-cited decision in Wirtz v. Continental Fin. & Loan Co. of West End, 326 F.2d

561 (5th Cir. 1964), the Fifth Circuit discussed the appropriate time to disclose a list of trial

witnesses. It concluded that a party may not "be compelled to disclose the names of his witnesses

as part of the discovery process long before trial." Id. at 562. The court noted that:

> The opportunity of the trial court to assist the parties in developing the actual issues
> to be tried upon pre-trial hearing and the flexibility of such a hearing which would
> make possible the Court's setting a date shortly before trial, if it decides that
> disclosure of the names of witnesses is to be essential before the actual trial occurs,
> make the pre-trial hearing the appropriate time for settling this question at the trial
> court level.

Id. at 563-564.

   Since then, disclosure of witness has been a matter ordinarily left for the pretrial

conference. Fed. R. Civ. P. 26(a)(3) was amended in 1993 to include a deadline for the disclosure

of trial witness lists, which is 30 days before trial, unless the court orders otherwise. Perez, 2013

WL 5446625, at *3. Furthermore, the Committee Notes on Rules – 1993 Amendments indicate

that the time specified in the rule (Rule 26) for the final pretrial disclosures is relatively close to

the pretrial date. The 1993 amendment incorporated the principles of disclosure recognized in Wirtz and set a deadline for the disclosure of witnesses 30 days before trial.

"A distinction must be drawn between witnesses to the occurrences in question, and witnesses who will be called for trial by the adverse party. The names of occurrence witnesses may always be obtained by discovery. It is generally held that a party is not entitled to find out, by discovery, which witnesses his opponent intends to call at the trial, although the court may require disclosure of this information at a pre-trial conference." See WRIGHT & MILLER, 81, 2§ 81, The Scope of Discovery, 35 F.R.D. 39, 1964.  Therefore, disclosure of *trial* witnesses during discovery is inappropriate and unwarranted.

## IV.    DISCUSSION:

TEMPR requests that the Court reconsider its order in open regarding the disclosure of witnesses or at least clarify that the list is not a *trial* witnesses list. TEMPR complied with its disclosure obligations under Fed. R. Civ. P. 26(a)(1)(A)(i) by serving lists of persons likely to have discoverable information. TEMPR did so by serving its Initial Disclosures and Supplemental Initial Disclosures to the Commonwealth and PRGRA, and by responding to written discovery requests.

All along, the Commonwealth and PRGRA have had knowledge of the individuals that TEMPR disclosed that may possess knowledge of the issues in controversy and whom may be listed as witness for trial. The Commonwealth and PRGRA and have been in position to discover additional information and depose those individuals listed in the Initial and Supplemental Disclosures, yet neither have shown any interest in doing so. No party has shown a substantial need for disclosure of *trial* witnesses and indeed has not even argued that such a need exists.

More importantly, fact discovery has not been concluded in the present case and during the June 8, 2023, Status Conference the Court issued an order extending fact discovery until August 30, 2023, and expert discovery until September 30, 2023. Because further discovery may reveal individuals with relevant information to disclosure of witnesses for trial at this stage, during discovery is premature and unwarranted until the pretrial conference.

Discovery entails providing litigants an adequate opportunity to know who has knowledge of relevant facts and determining whether said parties are interested in deposing any of the persons with relevant knowledge. It is not about forcing a litigant to determine and disclose witnesses to be used during trial before a pretrial. Furthermore, before completing discovery, which is when said determination can be made in an informed and timely manner. Defendant and PRGRA have been granted more than enough information and TEMPR even supplemented its disclosures to ensure a fair game and no surprises.

Defendant and PRGRA have opted to conduct no depositions. They have been subjected to no prejudice or unfair game in that respect.

Quite the contrary, forcing TEMPR to name its trial witnesses at this procedural stage has significant prejudice for said party.  First, TEMPR has not been able to complete its discovery and is being forced to make this determination in an untimely manner.

Second, Defendant and PRGRA are not procedurally entitled to said information at this stage of the proceedings.

Third, designating witnesses carries legal and evidentiary implications that create an undue harm to TEMPR. For instance, if TEMPR determines not to use one of the designated witnesses, it shall make the same available to the other parties or risk adverse inferences regarding their potential testimony. This is particularly troublesome when some of the potential witnesses are no

longer with the company, reside in Puerto Rico, may constitute cumulative evidence or simply state, TEMPR may decide not to use them as witnesses.

Fourth, TEMPR should not be forced to seek leave or court authorization to announce additional witnesses if that were necessary given significant pending discovery. Simply stated, TEMPR would be forced to seek court approval to incorporate additional witnesses, when applicable rules clearly dictate that is not required.

## V.     CONCLUSION

TEMPR has served the parties to this case with lists of "individual[s] likely to have discoverable information." At this stage, that is all that is required by the Federal Rules. TEMPR has done so by serving original and amended versions of its initial disclosures and by responding to written discovery requests. During the parties several meetings to discuss discovery issues, no party has expressed interest in deposing any TEMPR employees or people associated with that entity. *No party served any objections to TEMPR's disclosures*. No party has articulated a substantial need for a trial witnesses list at this stage.

Accordingly, on this same date, TEMPR has disclosed a preliminary list of trial fact witnesses to ensure compliance with the Court's order and reserves the right to prospectively amend the same to either incorporate additional witnesses or eliminate identified witnesses.

**WHEREFORE**, TEMPR respectfully requests that this Honorable Court reconsiders its Order, acknowledges its designation of preliminary trial fact witnesses, and authorizes the parties to exchange their *trial* witnesses lists as part of their proposed pretrial order pursuant to Fed. R. Civ. P. 26 (3)(b)(6) and Local Rule 16 when the time comes.

RESPECTFULLY SUBMITTED.

In San Juan, Puerto Rico on June 13, 2023.

10

**CERTIFICATE OF SERVICE**

IT IS HEREBY CERTIFIED that a copy of this Motion has been filed using the CM/ECF

system, which shall in turn serve notice to all attorneys and parties of record.

**SEPULVADO, MALDONADO & COURET**
*Attorneys for Plaintiff - TEMPR*
304 Ponce de León Avenue
Suite 990
San Juan, PR   00918
Tel: (787) 765-5656
Fax: (787) 294-0073

*/s/ Lee R. Sepulvado Ramos*
**Lee R. Sepulvado-Ramos**
USDC-PR No. 211912
lsepulvado@smclawpr.com

*/s/ Albéniz Couret Fuentes*
**Albéniz Couret-Fuentes**
USDC-PR No. 222207
acouret@smclawpr.com