UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| PUERTO RICO ENERGY, LLC,<br><br>*Plaintiff*,<br><br>v.<br><br>COMMONWEALTH OF PUERTO RICO *et al.*,<br><br>*Defendants.* | Case No. 3:20-cv-01591-ADC-GLS |
| TOTALENERGIES MARKETING PUERTO RICO CORP.,<br><br>*Plaintiff*,<br><br>v.<br><br>COMMONWEALTH OF PUERTO RICO *et al.*,<br><br>*Defendants.* | Case No. 3:20-cv-01725-ADC<br><br>Consolidated with<br><br>Case No. 3:20-cv-01591-ADC-GLS |

**TEMPR'S REPLY IN SUPPORT OF ITS MOTION REQUESTING ORAL ARGUMENT ON MOTION FOR SUMMARY JUDGMENT**

TO THE HONORABLE COURT:

COMES NOW Plaintiff TotalEnergies Marketing Puerto Rico Corp. ("TEMPR"), through its undersigned counsel, and respectfully STATES and PRAYS as follows:

1. On December 17, 2024, TEMPR filed a motion requesting oral argument on its pending motion for summary judgment (ECF No. 281). The Commonwealth of Puerto Rico (the "Commonwealth") filed its opposition to TEMPR's request on December 20, 2024 (ECF No. 286). For the following reasons, the Commonwealth's arguments are unavailing, and the Court should grant TEMPR's request for oral argument.

2.  First, the Commonwealth's attempt to characterize TEMPR's request as "improper" or "inefficient" (ECF No. 286 at 2, 4) overlooks the complexity of the issues presented and the value of oral argument in aiding the Court's decision-making process. This case raises important questions regarding the preemptive scope of the Petroleum Marketing Practices Act, 15 U.S.C. § 2801 *et seq.*, and its application to Puerto Rico Act No. 60 of June 27, 2020, which will have substantial implications for the regulation of Puerto Rico's gasoline industry. Given the potential ramifications of the Court's ruling, this is precisely the type of complex legal matter that warrants the clarification and elaboration that oral argument provides.

3.  Second, contrary to the Commonwealth's claim that TEMPR seeks to "circumvent" prior orders or "improperly expand its position" (ECF No. 286 at 3, 5), TEMPR is not attempting to introduce new arguments not contained in the written submissions. The purpose of oral argument would be to further elucidate the nuanced legal issues that have already been fully briefed by the parties. TEMPR's request is a legitimate and good-faith effort to assist the Court in resolving the summary-judgment motion, not an attempt to gain an unfair tactical advantage or relitigate matters already decided by the Court.

4.  Third, the Commonwealth's contention that oral argument would "waste judicial resources and delay resolution" (ECF No. 286 at 4) fails to appreciate the benefits of oral advocacy in complex cases like this one. Oral argument provides a prime opportunity for the Court to engage directly with legal counsel, seek clarification on key issues, and test the parties' positions through focused questioning. *See* ANTONIN SCALIA & BRYAN A. GARNER, MAKING YOUR CASE: THE ART OF PERSUADING JUDGES 141 (2008). This exercise can illuminate strengths and weaknesses in the parties' arguments and provide the Court with a more comprehensive understanding of the issues. Particularly in a case like this one, which presents complex questions of federal preemption with

significant ramifications, oral argument promotes efficiency by allowing the Court to probe the parties' positions and distill the critical points of dispute. Thus, oral argument would enable a more efficient resolution of TEMPR's summary-judgment motion.

5.  Moreover, the importance of oral advocacy and the value of providing courtroom opportunities for less experienced attorneys has been recognized by the federal judiciary, including in this District. For example, a Standing Order issued by Chief Judge Raúl M. Arias-Marxuach states the following:

> **Recognizing the importance of the advancement of future generations of practitioners, [the court] strongly encourages the participation of relatively inexperienced attorneys in courtroom proceedings.**

Standing Order, In re: Courtroom Opportunities for Relatively Inexperienced Attorneys, Misc. No. 19-440-RAM (D.P.R. Dec. 16, 2019), at 1 (emphasis added).

Although Chief Judge Arias-Marxuach is not presiding over the instant case, the principles articulated in his Standing Order reflect the federal judiciary's broader commitment to promoting the professional development of inexperienced attorneys through courtroom opportunities. These goals are directly relevant to the Court's consideration of TEMPR's request for oral argument here. Permitting oral argument on this complex matter would enable less experienced attorneys to play a meaningful role in the proceedings under the guidance of seasoned counsel, consistent with the objectives outlined in Chief Judge Arias-Marxuach's Standing Order and the policies of the federal courts generally.

6.  In sum, the Commonwealth's arguments overlook the complexity of the preemption question presented in this case, the value of oral advocacy in explaining the issues for the Court, and the importance of courtroom opportunities for junior attorneys as recognized by this District's policies. TEMPR submits that its request for oral argument is well-founded and should be granted.

WHEREFORE, Plaintiff TotalEnergies Marketing Puerto Rico Corp. respectfully requests that the Court grant its motion and schedule oral argument on its motion for summary judgment.

CERTIFICATE OF SERVICE: We hereby certify that on this date, we electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all attorneys of record in this case.

Dated: January 15, 2025

Respectfully submitted,

**SEPULVADO, MALDONADO & COURET**
AON Center, Suite 990
304 Ponce de León Avenue
San Juan, Puerto Rico 00918
Tel.: (787) 765-5656
Fax: (787) 294-0073

*s/ Lee R. Sepulvado Ramos*
**Lee R. Sepulvado Ramos**
Bar No. 211912
lsepulvado@smclawpr.com

*s/ Albéniz Couret Fuentes*
**Albéniz Couret Fuentes**
Bar No. 222207
acouret@smclawpr.com

*s/ Gerardo J. Cruz Ortiz*
**Gerardo J. Cruz Ortiz**
Bar No. 307011
gcruz@scmlawpr.com

*Attorneys for TotalEnergies Mktg. Puerto Rico Corp.*